# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| MARK MULLINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 1:19-cv-00017-JPJ-PMS |
| ) | |
| TOWN OF RICHLANDS, VIRGINIA; TIMOTHY ) | |
| TAYLOR, Town Manager of Richlands, Virginia; ) | |
| FRANK DORTON, Former Chief of Police of ) | |
| Richlands, Virginia; JERRY GILBERT, Chief of ) | |
| Police of Richlands, Virginia; and RANDY ) | |
| SMITH, Chair, Planning Commission of ) | |
| Richlands, Virginia, ) | |
| ) | |
| Defendants. ) | |

## **FIRST AMENDED COMPLAINT**

### PRELIMINARY STATEMENT

1. Plaintiff Mark Mullins is the owner of Mountain Magic Tarot and Reading Shop, located in Richlands, Virginia.

2. Mr. Mullins has been reading Tarot cards for more than 30 years. He believes that Tarot reveals the wisdom of God, and incorporates Tarot into his daily religious and spiritual practice, known as Hermeticism.

3. In 2017, Mr. Mullins decided to expand his ability to read Tarot for the people of Richlands and neighboring communities by opening a shop where he could offer readings for a fee.

4. In the following months, and continuing until the present, Town of Richlands' officials have used the Town's licensing and zoning scheme to prohibit Mr. Mullins from reading Tarot as part of his business because of their disapproval of his religious views and practices.

5. Defendants' effective prohibition on Tarot reading as part of Mr. Mullins' business constitutes content and viewpoint discrimination and is an unconstitutional prior restraint in violation of the First Amendment to the United States Constitution. Defendants' denial of Mr. Mullins' application for a license and request to amend the zoning ordinance also violates Mr. Mullins' rights under the Equal Protection Clause of the United States Constitution. Defendants further violate Mr. Mullins' right to free exercise of religion under the First Amendment to the Constitution and the non-discrimination provisions of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Finally, Defendant Town of Richlands' licensing and zoning scheme imposes a substantial burden on Mr. Mullins' religious exercise in violation of RLUIPA and the Virginia Religious Freedom Act.

6. Mr. Mullins seeks judicial intervention to enjoin certain ordinances and governmental actions to the extent they prevent him from reading Tarot as part of his business in the Town of Richlands.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over Mr. Mullins' federal law claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a) because Plaintiffs' claims arise under the Constitution and the laws of the United States. This Court also has supplemental jurisdiction over Mr. Mullins' state claims under 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) and Local Rule 2 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

9. This Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

10. This action is brought pursuant to 42 U.S.C. § 1983.

## PARTIES

11. Plaintiff Mark Mullins is the owner of Mountain Magic Tarot and Reading Shop ("Mountain Magic"). He resides in the Town of Richlands, Virginia, with his husband Jerome VanDyke, and their two children.

12. Defendant Town of Richlands is a chartered town operating under a town manager form of municipal government. A six-member elective council enacts local legislation, adopts budgets, determines policies, and appoints the Town Manager, who executes laws and administers the government of the town. A Mayor presides over meetings of the council, votes in cases of ties, and speaks as a member of the council, though is not a member of the council. The Town of Richlands may sue or be sued pursuant to Va. Code 1950, § 15.2-1404.

13. Defendant Timothy Taylor, is the Town Manager of the Town of Richlands and a member of the Town Planning Commission. The enforcement of all laws and ordinances, including the Town's zoning ordinance, falls within the authority of the Town Manager. Mr. Taylor is sued in his individual and official capacity.

14. Defendant Frank Dorton is the former Chief of Police of the Richlands Police Department. He is sued in his individual capacity.

15. Defendant Jerry Gilbert is the Chief of Police of the Richlands Police Department. He is sued in his official capacity.

16. Defendant Randy Smith is the Chairman of the Planning Commission of the Town of Richlands. He is sued in his official capacity.

## FACTUAL ALLEGATIONS

### Mark Mullins and Hermeticism

17. Plaintiff Mark Mullins lives with his husband, Jerome VanDyke, in the Town of Richlands, Virginia.

18. Mr. Mullins and Mr. VanDyke practice a form of Hermeticism (or Hermetism), a philosophical and religious tradition derived from the Hermetica, sacred texts of Egyptian-Greek origin tracing as far back as the second and third centuries A.D.

19. Hermeticism is a syncretic tradition that blends themes from a variety of religious traditions including Judaism, Christianity, Hellenistic philosophy, and Egyptian theology from the beginning of the Common Era.

20. Prominent religious groups that practice Hermeticism include the Hermetic Order of the Golden Dawn and the Order of the B.O.T.A. (Builders of the Adytem), whose teachings are based on the Holy Qabalah and the Sacred Tarot (i.e. Tarot cards). For many members of these groups and other Hermetics, Tarot cards are a central part of their religious practice.

21. Consistent with the syncretic nature of Hermeticism, Mr. Mullins and Mr. VanDyke believe that the various world religions all speak to the same essential spiritual truth about the world, but that the Sacred Tarot reveals the wisdom of God more honestly than other religious texts.

22.     Like many other Hermetics, Mr. Mullins and Mr. VanDyke read Tarot daily to receive spiritual guidance and advice on how to live their lives, just as some members of other major religions rely on their religious texts for such guidance. Mr. Mullins and Mr. VanDyke often refer to Tarot as their Bible.

23.     Although Mr. Mullins has been reading Tarot for over 30 years, his relationship to Tarot transformed in 2008, after a series of unfortunate life events, including the tragic death of his mother and the loss of his job. After that difficult time, Mr. Mullins increasingly looked to Tarot as a daily spiritual and life resource. He believes that Tarot was transformative and helped guide him to good health, a new job, and eventually to his life partner, Mr. VanDyke.

24.     For many years, Mr. Mullins has also used Tarot to guide and counsel others who seek answers to their own spiritual and life queries.

25.     Around May of 2017, Mr. Mullins decided to open a business, Mountain Magic and Tarot Reading, where he could offer Tarot readings to people in Richlands and the surrounding towns, counties, and states.

### The Town of Richlands' Business License and Zoning Requirements

26.     The Town of Richlands requires new businesses to obtain a business license and a zoning permit in order to operate within the Town of Richlands in accordance with Va. Code 1950, § 58.1-3703 and the Town of Richlands Charter, § 2.2.

27.     The Town of Richlands' business license application requires applicants to identify the nature of their business from a list of 19 types of businesses, one of which is "fortune teller / palmist."[1]

---

[1] *See* Attachment A, Town of Richlands Business License Application, *available at* http://town.richlands.va.us/documents/forms/businesslicenseapp.pdf

28. The Richlands Zoning Ordinance ("Zoning Ordinance") provides that permits and licenses may only be issued in conformity with the Zoning Ordinance; that any person who violates a provision of the Zoning Ordinance shall be guilty of a misdemeanor and may be fined between $10 and $1,000; and that each and every day during which a violation is committed or continued is punishable as a separate offense.[2]

29. According to the Zoning Ordinance, the B-2 district ("business district") is Richlands' only general business district.[3]

30. Article 5 of the Zoning Ordinance establishes that the structures in Richlands' business district "shall be for one or more" of 31 specific permitted uses.

31. The Zoning Ordinance does not list Tarot reading, divination, fortune telling, or any similar use among the 31 permitted uses in the business district.[4]

32. The Zoning Ordinance also does not list bookstores or giftshops as permitted uses in the business district. Nor is there a catch-all "retail store" use.[5]

33. For all uses that are not specifically permitted in the business district (or any other district in Richlands), the Richlands Zoning Ordinance provides the following process for amending the Zoning Ordinance to add a non-permitted use:

> 8-4. USES NOT PROVIDED FOR
>
> If in any district established under this ordinance, a use is not specifically permitted and an application is made by a property owner to the administrator for such use, the administrator shall refer the application to the planning commission which shall

---

[2] *See* Attachment B, Town of Richlands Zoning Ordinance, Article 10 at 43 (2013), *available at* https://town.richlands.va.us/documents/Zoning/zoningord2013.pdf.
[3] The Zoning Ordinance provides for six zoning districts in total: general and limited residential districts, a general agricultural district, a general industrial district, a general business district, and a special conservation district. *See id.*, Article 1 at 10.
[4] *See id.*, Article 5 at 19–20.
[5] *Id.*

make its recommendations to the governing body within thirty (30) days. If the recommendation of the planning commission is approved by the governing body, the ordinance shall be amended to list the use as a permitted use in that district, henceforth.[6]

34. The Zoning Ordinance also requires a planning commission report on a proposed amendment, yet provides no standards to guide the Planning Commission in making its recommendation whether to amend the ordinance to add a non-permitted use to the ordinance.[7]

35. The Zoning Ordinance provides no time frame within which the Town Council must adopt or reject the Planning Commission's recommendation, nor requires the Town Council to take action one way or another on the Planning Commission's recommendation.[8]

### Mountain Magic & Tarot Reading Shop

36. Mr. Mullins leased commercial space in the business district of Richlands and on June 13, 2017, filed a business license application along with an associated zoning permit application with the Town Manager of Richlands, Defendant Taylor.

37. On his business license application, Mr. Mullins identified the nature of his business as "fortune teller / palmist," one of the categories of businesses for which a license can be sought.

38. On June 19, 2017, Defendant Taylor denied Mr. Mullins' business license application on the grounds that Mr. Mullins' proposed business "does not meet any of the uses allowed in [the] B-2 [district] of [Richlands'] Zoning Ordinance."[9]

39. After Mr. Mullins' business license and zoning permit applications were denied, Mr. VanDyke went to the Town Hall and asked an employee of the Town of Richlands why the

---

[6] *See id.*, Article 8 at 33.
[7] *See id.*, Article 11 at 44.
[8] *Id.*
[9] *See id.*, Article 5 at 19–21.

business license application listed fortune telling if there was no location in Richlands where such a business could operate. The employee responded that the state required them to offer a fortune telling license.

40. In the days following this confrontation, Defendant Taylor contacted Mr. VanDyke and suggested that Mr. Mullins seek a license to open a bookstore instead of a Tarot reading shop, and noted that the Town could not grant Mr. Mullins a license to conduct fortune telling or Tarot readings. According to Defendant Taylor, Mr. Mullins also could not advertise Tarot readings, or use the word "Tarot" on his storefront sign.

41. On June 26, 2017, the Town approved a retail business license and associated zoning permit for Mr. Mullins to operate Mountain Magic as a "Bookstore giftshop" even though neither bookstore nor giftshop is one of the uses listed in the zoning ordinance.

42. Mr. Mullins interpreted the Town's denial of a license for fortune telling to mean he could not conduct Tarot readings for a fee. He therefore continued to offer Tarot readings at Mountain Magic but did so free of charge, to bring customers into the store and incorporate his religious practices into his business.

43. On or around October 9, 2017, then-Richlands Police Department Chief, Defendant Frank Dorton, visited Mountain Magic and inquired whether Mr. Mullins had been offering Tarot readings. Mr. Mullins confirmed that he had been offering Tarot readings for free. Defendant Dorton told Mr. Mullins that it was illegal to conduct Tarot readings whether he charged a fee or not, and that he could be fined and/or charged with a misdemeanor if they continued to do so. Defendant Dorton told Mr. Mullins he could offer Tarot readings for free on the sidewalk outside the store, but not anywhere within the business.

44. Mr. Mullins attempted for a few days to offer free Tarot readings on the sidewalk outside their store, but found it unworkable because of the wind and because of harassment from hostile townspeople who drove by the store.

45. On October 10, 2017, the Richlands Town Council held its regular monthly meeting. During an "unscheduled public comments" session, several townspeople spoke on behalf of various Richlands-area churches and voiced their opposition to Mountain Magic. They expressed concerns regarding the promotion of non-Christian beliefs at the store, the sale of occult items, and the possibility that occult practices like Black Magic, sacrifices, and Tarot reading were taking place at Mountain Magic.[10]

46. In response to these comments, at then-Mayor Jannis White's request, the Town attorney noted that the business has a permit to operate as a book store and gift shop, and would have to go before the Town Council to request a change to their zoning permit. According to the meeting minutes, the Town attorney assured the public commenters that "Richlands has a very defined zoning system," and although there was a business license to read Tarot cards, there was "no zoning to permit reading of tarot cards and any type of things." Mayor White further assured the commenters that the "Chief of Police will enforce zoning if there is a zoning violation."[11]

47. After being informed that he was prohibited from offering even free Tarot readings, Mr. Mullins attempted once again to obtain the necessary licensing and permits to read Tarot as part of his business. On October 27, 2017, he submitted a second business license application and zoning permit. The Town Manager denied the application on or around November 1, 2017, once

---

[10] *See* Minutes of Richlands Town Council meeting of October 10, 2017 at 5, *available at* http://town.richlands.va.us/minutes/Council/2017/10-10-2017%20council%20minutes%202.pdf.
[11] *Id.* at 6.

9

again on the grounds that the business did not meet any of the uses allowed in the business district under the Zoning Ordinance.

48. On December 6, 2017, Mr. Mullins submitted a third application for a fortune telling business license and associated zoning permit, this time along with a request that the Town amend its zoning ordinance to add fortune telling as a permitted use.

49. The Town Manager referred Mountain Magic's request to the Town's Planning Commission.

50. The Planning Commission held a meeting on January 16, 2018, which Mr. Mullins and Mr. VanDyke attended. The Planning Commission informed Mr. Mullins and Mr. VanDyke that an amendment to the zoning ordinance requires a public hearing and a vote by the Town Council; that a joint public hearing with the Town Council had been scheduled for February 13, 2018; and that they would issue a recommendation to the Town Council whether to amend the zoning ordinance to add fortune telling as a permitted use in the business district after taking into account what everyone said at the meeting.

51. At the joint Planning Commission and Town Council hearing on February 13, 2018, the Town took public comments on whether to amend the Zoning Ordinance to add fortune telling as a permitted use in the business district. The Town heard from Mr. VanDyke as well as a variety of townspeople, most of whom were local church leaders who spoke in opposition to Mountain Magic.

52. Several local residents admonished the Town Council against amending the zoning ordinance by citing biblical scripture and warning of dire spiritual consequences for the Town if it allowed fortune telling in Richlands.

53. For example, one assistant pastor said she worried that her children might enter the shop and "get confused" and "think[] that's ok," noting that fortune telling "opens things up in this area to the demonic realm." Another minister remarked that if "we allow forms of witchcraft, Tarot reading, whatever you want to call it . . . to come in, then we allow evil to come inside. And when evil comes in it will expand, it will take over." Another woman noted her opposition to businesses that "openly teach" sorcery and witchcraft, or teach that "it is harmless and acceptable when we must all live in the word of God." Yet another woman said that she had experience in witchcraft as a young girl and it almost killed her, and warned that the owners of Mountain Magic were "not serving the god we know, they're serving the Tarot God." Another longtime resident of Richlands told the Town Council that it is "very evil to have witchcraft, divination, whatever they call their form of worship." Another woman who said she lived in the neighboring town of Cedar Bluff urged the Town Council not to compromise on their faith because "in the end we will answer for how we vote tonight."

54. Such statements were frequently met by loud applause from those who had come to attend the meeting.

55. Although these comments were captured on video by Mr. Mullins and Mr. VanDyke, the official minutes of the meeting omit all of these comments, notwithstanding that prior Town Council meeting minutes include comments made by local citizens.

56. At the conclusion of the public comment period, Defendant Chair of the Planning Commission, Randy Smith, announced that the Commission would not recommend amending the Town's zoning ordinance to allow fortune telling in the business district. The Chair asserted that the Planning Commission does not regulate religion and that its decision was "a business decision," without further explanation.

57. On information and belief, the Planning Commission's decision was influenced by the townspeople's hostility towards fortune telling, Tarot reading, and the views and religious beliefs of Mr. Mullins.

58. The Town Council then continued on to other matters and did not take a vote to amend the zoning ordinance. According to the meeting minutes, then-Mayor White stated that, "The Planning Commission did not make any recommendation for a zoning change. The Council will not be taking any action."

59. Unsure of what action the Town had taken, Mr. Mullins and Mr. VanDyke contacted the Town Attorney one week later to inquire about what their options were. The Town Attorney responded that he planned to recommend that the Town take an up-or-down vote on Mountain Magic's request at the next Town Council meeting on March 13.

60. On March 1, 2018, Defendant Chief Dorton visited Mountain Magic yet again and told Mr. Mullins and Mr. VanDyke that they had to take down a sign on their building advertising a Tarot reader. Mr. Mullins and Mr. VanDyke were informed that they could not advertise Tarot reading because they did not have a license.

61. On March 14, 2018, Mr. Mullins and Mr. VanDyke reached out to the Town Attorney once again to determine whether the Town Council had voted on whether to amend the zoning ordinance to add fortune telling as a permitted use. He responded that the Town's position is that "the matter was denied" based on the Planning Commission's findings and vote during the February meeting.

62. Because they are prohibited from offering Tarot readings, even for free, Mr. Mullins has had to turn away many people who come to their store seeking Tarot readings and the spiritual and life guidance that come therefrom.

63. Mr. Mullins still wishes to read Tarot for his customers and advertise his Tarot-reading services without fear of civil or criminal penalties.

## CLAIMS FOR RELIEF

64. In the following claims, references to the First Amendment include the First Amendment as applied to the states through the Fourteenth Amendment.

### I. First Amendment (Content and Viewpoint Discrimination)

### 42 U.S.C. § 1983

*Against all Defendants*

65. Mr. Mullins re-alleges the preceding paragraphs as if fully set out herein.

66. Mr. Mullins' reading of Tarot cards constitutes expressive activity and speech that is protected under the First Amendment of the United States Constitution.

67. Defendant Town of Richlands, through its business licensing and zoning regulations, has effectuated an outright ban on reading Tarot and/or telling fortunes as part of a business in Richlands.

68. Under current regulations, there exists no location within the Town of Richlands where Mr. Mullins or any other Tarot reader or fortune teller can legally open a business to practice their vocation.

69. Defendants implement Richlands' business licensing and zoning regulations in a manner that prevents Mr. Mullins from obtaining a license and zoning permit to practice Tarot reading as part of his business anywhere within the Town of Richlands, and is motivated by Defendants' disagreement with and hostility towards fortune telling, Tarot reading, and the views and beliefs of Mr. Mullins.

70. In denying Mr. Mullins a license to practice Tarot reading as part of his business, and requiring him to undergo the burdensome, costly, and ultimately futile process of amending the zoning ordinance, Defendant Taylor was acting as Defendant Town's final policymaker with respect to the granting of business licenses and zoning permits.

71. Defendants' denial of Mr. Mullins' request to amend the zoning ordinance to add fortune telling as a permitted use violates Mr. Mullins' freedom of expression and his right to be free from viewpoint- and content-based discrimination.

72. Defendant Town of Richlands' business licensing and zoning scheme as it pertains to Tarot reading and fortune telling discriminates based on viewpoint and content and is not narrowly tailored to satisfy any rational interest, let alone a compelling one.

73. As such, the business licensing and zoning scheme is unconstitutional under the First Amendment on its face and as it has been applied to Mr. Mullins.

74. As a direct and proximate result of Defendants' unconstitutional actions, Mr. Mullins has suffered damages, including but not limited to lost income and earnings.

## II.   First Amendment (Unconstitutional Prior Restraint)

### 42 U.S.C. § 1983

*Against all Defendants*

75. Mr. Mullins re-alleges the preceding paragraphs as if fully set out herein.

76. Defendants' business licensing and zoning permitting scheme gives Defendants unbridled discretion over whether to amend the Zoning Ordinance to add permitted uses, and lacks adequate procedural safeguards to guide their discretion and ensure prompt decision-making and judicial review.

77.     The lack of adequate procedural safeguards authorizes and encourages subjective, discriminatory treatment of unpopular or non-mainstream viewpoints and beliefs, and renders Defendants' licensing and zoning scheme an unconstitutional prior restraint on its face.

78.     As a direct and proximate result of Defendants' actions, Mr. Mullins has suffered damages, including but not limited to lost income and earnings.

### III.     First Amendment (Free Exercise)

### 42 U.S.C. § 1983

*Against all Defendants*

79.     Mr. Mullins re-alleges the preceding paragraphs as if fully set out herein.

80.     Mr. Mullins engages in religious exercise protected by the First Amendment when he reads Tarot cards for his customers.

81.     Defendants apply the Town of Richlands' business licensing and zoning permitting regulations in a manner that presupposes the illegitimacy of Mr. Mullins' religious beliefs and imposes a substantial burden on the sincere religious beliefs and religious exercise of Mr. Mullins because of his religious views, without using the least restrictive means of furthering any compelling governmental interest.

82.     Defendants denied Mr. Mullins the neutral and respectful consideration of his request to obtain the licensing and permitting to read Tarot, on account of their hostility towards his religious beliefs and practices, and by giving effect to the hostility of local townspeople towards his religious beliefs and practices.

83.     As a direct and proximate result of Defendants' actions, Mr. Mullins has suffered damages, including but not limited to lost income and earnings.

## IV. Equal Protection

### 42 U.S.C. § 1983

*Against Defendant Taylor and the Town of Richlands*

84. Mr. Mullins re-alleges the preceding paragraphs as if fully set out herein.

85. In denying Mr. Mullins' application for a business license and zoning permit and requiring him to undertake the burdensome and futile zoning ordinance amendment process, Defendant Taylor selectively enforced the Town's zoning ordinance against Mr. Mullins because of disapproval of the content of his speech.

86. Defendant Taylor treated Mr. Mullins unfavorably compared with similarly situated applicants for a license and zoning permit without any compelling interest and without any rational basis, so as to inhibit his exercise of his rights under the First Amendment.

87. As a direct and proximate result of Defendants' actions, Mr. Mullins has suffered damages, including but not limited to lost income and earnings.

## V. Religious Land Use and Institutionalized Persons Act (RLUIPA)

### 42 U.S.C. § 2000cc(a) (Substantial Burden on Religious Exercise)

*Against all Defendants*

88. Mr. Mullins re-alleges the preceding paragraphs as if fully set out herein.

89. Defendants, through the Town of Richlands' business licensing and zoning permitting regulations, implement and impose a substantial burden on the religious exercise of Mr. Mullins without using the least restrictive means of furthering any compelling governmental interest.

90. As a direct and proximate result of Defendants' actions, Mr. Mullins has suffered damages, including but not limited to lost income and earnings.

## VI.  RLUIPA

### 42 U.S.C. § 2000c(b)(2) (Nondiscrimination)

*Against all Defendants*

91. Mr. Mullins re-alleges the preceding paragraphs as if fully set out herein.

92. Defendants have deprived and continue to deprive Mr. Mullins of his right to free exercise of religion, as secured by RLUIPA, by imposing and implementing its business licensing and zoning permitting regulations in a manner that discriminates against Mr. Mullins on the basis of religion or religious denomination.

93. As a direct and proximate result of Defendants' actions, Mr. Mullins has suffered damages, including but not limited to lost income and earnings.

## VII.  Virginia Religious Freedom Act

### Va. Code Ann. § 57-2.02

*Against all Defendants*

94. Mr. Mullins re-alleges the preceding paragraphs as if fully set out herein.

95. Defendants have substantially burdened Mr. Mullins' right to free exercise of religion through its business licensing and zoning permitting regulations without using the least restrictive means of furthering a compelling governmental interest, in violation of the Virginia Religious Freedom Act, Va. Code. Ann. § 57-2.02.

96. As a direct and proximate result of Defendants' actions, Mr. Mullins has suffered damages, including but not limited to lost income and earnings.

### REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. DECLARE that Defendants' denial of Mr. Mullins' application for a license and request to amend the zoning ordinance to add fortune telling as a permitted use violates Mr. Mullins' right to be free from viewpoint- and content-based discrimination under the First Amendment of the United States Constitution.

B. DECLARE that Defendants' denial of Mr. Mullins' application for a license and request to amend the zoning ordinance violates Mr. Mullins' rights under the Equal Protection Clause of the United States Constitution.

C. DECLARE that the Town of Richlands' business licensing and zoning requirements and regulations applicable to "fortune tellers" and Tarot readers constitute unconstitutional viewpoint- and content-based discrimination on their face in violation of the First Amendment of the United States Constitution.

D. DECLARE that the Town of Richlands' business licensing and zoning requirements and regulations applicable to "fortune tellers" and Tarot readers constitute an unconstitutional prior restraint on their face in violation of the First Amendment of the United States Constitution.

E. DECLARE that Defendants' denial of Mr. Mullins' request to amend the zoning ordinance to add fortune telling as a permitted use violates Mr. Mullins' right to free exercise of religion under the First Amendment of the United States Constitution and the Virginia Religious Freedom Act.

F. DECLARE that Defendants' denial of Mr. Mullins' request to amend the zoning ordinance to add fortune telling as a permitted use imposes a substantial burden on his religious exercise and discriminates against him on the basis of his religion in violation of the Religious Land Use and Institutionalized Persons Act of 2000.

G.     GRANT PERMANENT INJUNCTIVE RELIEF enjoining Defendants and their successors, agents, and representatives from further violation of the First and Fourteenth Amendments of the U.S. Constitution, the Religious Land Use and Institutionalized Persons Act, and the Virginia Religious Freedom Act.

H.     GRANT PERMANENT INJUNCTIVE RELIEF enjoining Defendants and their successors, agents, and representatives from enforcing the Town of Richlands' business licensing and zoning regulatory scheme in a manner that prohibits Mr. Mullins from practicing Tarot reading as part of his business, and requiring them to issue a business license and zoning permit to allow Mr. Mullins to practice Tarot reading as part of his business, Mountain Magic & Tarot Reading, without delay or condition.

I.     AWARD nominal, compensatory, and punitive damages against the Defendants including without limitation damages for lost income and earnings.

J.     AWARD reasonable attorneys' fees and all other costs arising out of Defendants' actions;

K.     AWARD all other relief that the Court deems equitable, just, or proper.

Date: May 20, 2019

Respectfully Submitted,

**/s/ Vishal Agraharkar**
Vishal Agraharkar (VSB No. 93265)
Eden B. Heilman (VSB No. 93554)
American Civil Liberties Union Foundation of Virginia
701 E. Franklin Street, Ste. 1412
Richmond, VA 23219
Telephone: (804) 523-2151

Fax: (804) 649-2733
vagraharkar@acluva.org
eheilman@acluva.org

Christine Poarch (VSB No. 47106)
Poarch Law Firm
201 S. College Avenue
Salem, Virginia 24153
Telephone: (540) 387-1005
Fax: (540) 444-0323
ecf@poarchlaw.com